United States District Court
Southern District of Texas
**ENTERED**
August 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANICE S. PUTMAN, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-20-3341 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY, § | |
| INSURANCE COMPANY, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Allstate Vehicle and Property Insurance Company's ("Allstate") motion to exclude or limit the testimony of David Lee Wilson, one of plaintiff Janice S. Putman's experts. Dkt. 15. After considering the motion, response, reply, Wilson's report, and the applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

This case is about whether damages to Putman's residence allegedly caused by a storm occurring on or around May 9, 2019, should have been covered by her Allstate insurance policy. Dkt. 1, Ex. C (Dkt. 1-4) (state court petition). Putman contends that the storm compromised the integrity of her roof and allowed water to enter her house, causing damage to both the outside and inside of her home. *Id.* She alleges that Allstate and its agents conducted a substandard and improper inspection and adjustment of the damages. *Id.* She asserts common law breach of contract, breach of the duty of good faith and fair dealing, and fraud claims as well as various violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *Id.* She contends that the cost of the damage caused by the storm that should have been covered by Allstate

is approximately $28,806.26.  *Id.*  She filed her lawsuit in state court, and Allstate removed to this court.  Dkt. 1.  The case is set for docket call on November 26, 2021.  Dkt. 10.

Putman designated five expert witnesses, including David Lee Wilson, indicating he would testify about Allstate's "claims handling and implications of failures to fulfill duties to [Putman] made the basis of this lawsuit."  Dkt. 12.  She noted that Wilson's testimony would "focus on all aspects of the claims handling process from contact with the insured to final resolution and payment of the claim."  *Id.*

Wilson, who has been an insurance adjuster for over twenty-five years, completed his report on April 30, 2021.  Dkt. 15, Ex. B.  Wilson opines that Allstate was timely in its initial acknowledgment and inspection, but that (1) Allstate did not conduct a reasonable investigation; (2) Allstate misled Putman and misrepresented the policy in its initial explanation of coverage and damages; and (3) Allstate failed to provide a prompt, fair, and equitable settlement of the claim when liability became clear.  *Id.*

Allstate moves to exclude Wilson's opinion, arguing that Wilson's report will not aid the jury's understanding as Wilson does not provide any independent analysis and offers only unsupported conclusions.  Dkt. 15.  Putman argues that Wilson came to his conclusions after thoughtful analysis of various materials.  Dkt. 18.  The motion is now ripe for disposition.

## II.  Legal Standard

The U.S. Supreme Court acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 serves as the proper standard for determining the admissibility of expert testimony.  509 U.S. 579, 597–98, 113 S. Ct. 2786 (1993).  The party offering expert testimony has the burden to prove by a preponderance of the evidence that the proffered testimony

satisfies the admissibility requirements of Federal Rule of Evidence 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Nonetheless, courts need not admit testimony that is based purely on the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592–93; *Moore*, 151 F.3d at 276. "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts for her testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482

3

F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. See Fed. R. Evid. 104(a); *Moore*, 151 F.3d at 276. The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

### III. ANALYSIS

Allstate argues that Wilson's testimony should be excluded for four reasons: (1) the report is insufficient under Rule 26(a)(2)(B); (2) Wilson may not testify about Allstate's intent or knowledge; (3) Wilson does not have a sufficient basis for his opinions; and (4) Wilson's testimony is duplicative of other experts designated by Putman. Dkt. 15. Putman asserts that (1) Wilson's report specifically spells out how he came to his conclusions and supports his conclusions; (2) Wilson does not speculate about Allstate's intent; (3) Wilson appropriately offers an opinion about Allstate's bad faith; and (4) Wilson's testimony is not duplicative and does not overlap with the other expert testimony in this case. Dkt. 18. Allstate replies that Wilson's report is nothing more than a series of unsupported conclusions and Rule 26 requires that conclusions actually be supported by facts and analysis. Dkt. 19.

**A.    Rule 26(a)(2)(B)**

Under Rule 26(a)(2)(B), the report of an expert who is required to provide a report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Here, the question is whether Wilson's report provides the basis and reasons for his opinions. Allstate contends Wilson does not provide the basis for his conclusions that Allstate did not conduct a reasonable investigation and that Allstate misled the insured regarding the amount of covered damage, and it argues that Wilson does not provide any analysis of the Policy or the Texas Insurance Code that would indicate he is able to testify about how Allstate's claims handling complied or did not comply with either. Dkt. 15.

### 1. Reasonableness of Investigation and Misleading the Insured

Wilson provides very brief analyses to support his conclusions that Allstate did not conduct a reasonable investigation and misled the insured. Wilson notes that Allstate's adjuster did not provide a calculation of the costs of interior damages even though she told the insured that the interior damages would not be allowed because there was not enough damage to meet the deductible. *See* Dkt. 15-1 at App.22–23. Wilson opines that by "allowing for interior repairs means there must have been a storm made opening which would typically be construed as storm damage to roofing or walls." *Id.* He notes that the report of one of the other plaintiff's experts indicates the cost of the repairs to the interior and the whole loss both exceed the deductible, and that Allstate's denial on Nov. 20, 2019, states there was no storm related damage. *See Id.* at App. 24-25. Wilson seemingly relied on this information to conclude that the investigation was not reasonable, Allstate misled Putman, and Allstate delayed payments to Putman.

Rule 26 requires that Wilson include the basis for his conclusions. Here, the information he has provided in his report is sufficient information for an adjuster of Wilson's experience to draw the limited conclusions he drew. Allstate can point out why it believes his analysis is flawed during trial, and the jury will determine whether to credit the testimony.

### 2. Analysis of the Policy and the Texas Insurance Code

Allstate asserts that Wilson did not comply with Rule 26 because Wilson merely pasted provisions of the Texas Insurance Code into his report with no explanation and pasted only one section of the insurance policy into the report with very little analysis. Dkt. 15. Putman argues that Wilson's report complies with Rule 26 in all aspects. Dkt. 18.

Wilson provided excerpts of the sections of Texas statutes that he relied on to reach his conclusions. *See* Dk. 15-1 at App. 26–28 (providing the text of Tex. Ins. Code §§ 541.060, 541.061, 542.003, 542,057, 542.058, 542.059, and 542.060). He also provided an excerpt from the policy about what types of losses are covered as well as specific excerpts from Allstate's claim file. *See id.* at App. 21–22 (providing the "Losses we Cover" portion of the policy and Allstate's notes about the inspection). Wilson notes that the policy "appears to afford coverage for damage resultant from wind and hail to the dwellings roof and exterior" and "also appears to afford coverage for water damage to interior areas 'if' wind or hail first damages the roof or walls and the wind forces rain, snow, sand, or dust through the damaged roof or wall.'" *Id.* at App. 23. He then sets out what he determined are issues with Allstate's adjuster Carolina Gomez's notes in Allstate's file and compares her notes to what Allstate's policy says, what other experts determined the damage to be, and Allstate's ultimate decision. *See id.* at App. 23–25. Wilson has provided the basis and reasons for his opinions and all of the resources he relied on as required by Rule 26. If Wilson failed to address or take into account certain facts that Allstate believes are important, it can address these deficiencies through ardent cross examination during trial. *Cf. Daubert*, 509 U.S. at 597 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Allstate's motion to exclude Wilson's testimony for failure to comply with Rule 26 is DENIED.

**B.  Intent or Knowledge**

Allstate asserts that Wilson may not testify about its intent or knowledge. Dkt. 15. In response, Putman notes that her counsel is "well aware of the rules of evidence and [has] no intention of offering speculative testimony." Dkt. 18. She asserts that Wilson's report does not opine about Allstate's intent. *Id.*

Because Putman concedes that she does not intend to offer testimony from Wilson about Allstate's intent or corporate state of mind, Allstate's motion to exclude this aspect of Wilson's testimony is DENIED AS MOOT.

6

### C. Basis for Opinions

Allstate argues that Wilson does not have sufficient facts or data to support his opinion because he has never inspected the property, did not evaluate whether any damages to the property were covered, and did not conduct a thorough review of Allstate's reasoning and basis for its decisions. Dkt. 15. Putman asserts that Wilson assessed the claims handling process, relied on multiple sources in his analysis, and subsequently wrote a comprehensive report. Dkt. 18.

Wilson's report seems to focus on Allstate's initial inspector's note that the damage to the interior of the house was insufficient to meet the deductible without an estimate of what that damage was. He opines that the policy would not have covered interior damage in the first instance if it was not caused by a storm made opening of the roof or wall and that to the initial agent's discussion of interior damages indicates that "there must have been a storm made opening" to the exterior. Dkt. 15-1 at App. 23. Allstate is free to cross examine the expert about what factors he considered and whether he could have or should have done more to determine if Allstate correctly handled the claim, but the information he reviewed and provided in his report is sufficient to support the opinions he formed. *See Pipitone*, 288 F.3d at 250 ("The fact-finder is entitled to hear [the expert's] testimony and decide whether it should accept or reject that testimony after considering all factors that weigh on credibility, including whether the predicate facts on which [the expert] relied are accurate.").

Allstate's motion to exclude because Wilson does not have a sufficient basis for his opinions is DENIED.

### D. Duplicative Experts

Allstate notes that Putman hired two adjusters to testify on her behalf and argues that she does not need two separate adjusters. Dkt. 15. Allstate contends Wilson's testimony is essentially a "me too" report. *See id.* Putman asserts that the testimony of the two adjusters does not overlap as Wilson is only testifying about the claims-handling process and the other adjuster is testifying about the amount of damages. Dkt. 18. The court agrees that Wilson's report, while noting the information about the cost to repair the alleged damages from the other expert, does not opine on the costs except to indicate that the other adjuster's estimate is higher than the deductible and it therefore was improper for Allstate's agent to tell Putman that the damage would not meet the deductible without first preparing an estimate. *See* Dkt. 15-1 at App. 24–25. Allstate may explore

7

the presumptions from other experts that Wilson relied on to reach his conclusions during cross examination.  *Cf. Daubert*, 509 U.S. at 597.

Wilson relied on other experts, and he listed the opinions that he relied on to demonstrate the basis of his conclusions.  He is not stating those opinions are his own.  Allstate's motion to exclude Wilson's testimony as duplicative is DENIED.

## IV. CONCLUSION

Allstate's motion to exclude Wilson's testimony is DENIED.

Signed at Houston, Texas on August 23, 2021.

_____
Gray H. Miller
Senior United States District Judge